**In re Loretta Q. NELSON, Debtor.**

**Stephen C. BECKER, Trustee in Bankruptcy, Plaintiff–Appellant,**

v.

**The COUNTY OF SANTA CLARA, a political subdivision of the State of California, and Jack Huber, individually and dba Century Medallion Realtors, Defendants–Appellees.**

**No. C–88–0424 EFL.**

**Bankruptcy No. 4–87–03164WB–3.**

**Adv. No. 3–87–0493 LK (OAK).**

United States District Court, N.D. California.

Oct. 18, 1988.

Steven Becker, San Francisco, Cal., for plaintiff-appellant.

Duane W. Shewaga, Adleson, Hess, Christensen & Kelly, San Jose, Cal., for Century Medallion.

Susan Branch, San Jose, Cal., for Santa Clara County.

## ORDER

LYNCH, District Judge.

This is an appeal from the bankruptcy court's dismissal for failure to state a claim of the trustee in bankruptcy's complaint seeking to set aside and avoid as a preferential transfer a restitution payment made by the debtor in bankruptcy to defendant county pursuant to a state criminal conviction. For the reasons discussed below, the Court affirms.

According to the trustee's complaint, the debtor is subject to a state criminal judgment of conviction that requires the debtor to make periodic restitution payments to the county for the benefit of a victim of her crime, defendant Huber. The trustee asserts that the debtor made a restitution payment of $4,000 to the county within the 90–day period prior to the filing of her bankruptcy. Pursuant to 11 U.S.C. § 547,[1] the trustee seeks to recover that sum from

---

1. Unless otherwise indicated, all statutory references are to Title 11 of the United States Code (the "Bankruptcy Code" or "Code").

the county or from Huber, to whom the county allegedly may have already forwarded the payment.

Plaintiff relies chiefly on *Superior Court v. Heincy,* 78 B.R. 246 (Bankr. 9th Cir.1987), in which a majority of a Bankruptcy Appellate Panel of the Ninth Circuit, based on a technical reading of the Bankruptcy Code, held that a restitution obligation arising from a state criminal conviction was a "debt" within the meaning of section 101(11) that was properly dischargeable in Chapter 13 bankruptcy proceedings. The majority therefore affirmed the bankruptcy court's order enjoining the state criminal court from enforcing the collection of restitution payments. In a sharp and compelling dissent, Bankruptcy Judge Volinn argued that the majority's literal approach to interpreting the Bankruptcy Code was contrary to the Supreme Court's rationale in *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), in particular because it ignored the *Kelly* Court's concern for overriding principles of federalism.[2]

■ Whatever the correctness of the *Heincy* majority's result, as plaintiff essentially concedes this Court is of course not bound by any Bankruptcy Appellate Panel decision, much less one concerning a case from another district. *See, e.g.,* 28 U.S.C. § 158; *Starbuck v. San Francisco,* 556 F.2d 450, 457 n. 13 (9th Cir.1977). Moreover, even if *Heincy's* reasoning were correct or binding on the Court, it would not be dispositive here. As both the *Heincy* majority and dissent recognized, *Heincy* was based on the majority's belief that interpretation under Chapter 13 should be different from that under Chapter 7, and

that therefore the Supreme Court's reasoning in the Chapter 7 case *Kelly* was not controlling. *Heincy,* 78 B.R. at 246, 249 (majority opinion), 249–51 (dissenting opinion). Like *Kelly,* however, the case at bar concerns Chapter 7 proceedings, and therefore *Kelly* unquestionably is applicable in this case.

In *Kelly,* the Supreme Court found that restitution obligations were not subject to discharge in Chapter 7 proceedings. The trustee therefore must argue that even though restitution is not *dischargeable* in this bankruptcy, it nevertheless is *avoidable.* Like the *Heincy* majority, the trustee bases his argument on the plain meaning of the language in the Bankruptcy Code and contends that a restitution obligation is a debt pursuant to section 101(11), that a debt is avoidable as a preference under section 547, and therefore that the restitution payment at issue is avoidable and that he has stated a claim.

In reversing the Second Circuit's similar plain meaning analysis, the Supreme Court in *Kelly* made it abundantly clear that the Bankruptcy Code must be interpreted "in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems." *Kelly,* 479 U.S. at 44, 107 S.Ct. at 358. The Court determined that absent a specific expression of intent by Congress to overturn the "established judicial exception to discharge" the exception should remain valid. *Id.* at 46, 107 S.Ct. at 359. The Court further found that:

> [I]nterpretation of the Code also must reflect the basis for this judicial exception, a deep conviction that federal bankruptcy courts should not invalidate the

---

**2.** Subsequent to submission of the appeal at bar, the Ninth Circuit very recently reversed *Heincy* on the grounds that injunctive relief was inappropriate because there were adequate legal remedies such as the potential modification of the Chapter 13 payment plan. *See Superior Court v. Heincy,* 858 F.2d 548 (9th Cir.1988). In addition, because it was not known whether the debtors had successfully completed payments under the Chapter 13 plan, the circuit found that the issue of dischargeability of the restitution was not ripe. Although stating that it was "revers[ing]" the Bankruptcy Appellate Panel's

ruling on this issue, the circuit should be understood to have effectively vacated rather than changed to the contrary the ruling, because the court expressly recognized that the issue is an open one and declined to decide it. *Id.* at 550. In doing so, the circuit noted that in light of *Kelly* "there is considerable doubt whether the restitution order would be dischargeable." *Heincy,* at 550. Given the posture of the appeal at bar, it therefore remains necessary to address plaintiff's argument based on the *Heincy* Bankruptcy Appellate Panel's reasoning.

results of state criminal proceedings. The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States. This Court has emphasized repeatedly "the fundamental policy against federal interference with state criminal prosecutions."

*Id.* at 47, 107 S.Ct. at 360 (quoting *Younger v. Harris*, 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971)). The Court accordingly rejected a literal approach to statutory construction of the Code with respect to restitution. The Court criticized the imposition of any requirement that the state object in order to prevent discharge of restitution, finding that forcing the state so to protect its restitution orders via sections 523(a)(2) and (a)(4) "would create uncertainties and impose undue burdens on state officials." *Id.* at 48, 105 S.Ct. at 360. The Court noted that mechanical analysis of the Code could result in "federal remission of judgments imposed by state criminal judges," a prospect the Court believed abhorrent particularly because it:

> would hamper the flexibility of state criminal judges in choosing the combination of imprisonment, fines, and restitution most likely to further the rehabilitative and deterrent goals of state criminal justice systems.

*Id.* at 49, 105 S.Ct. at 360 (footnote omitted).

Although expressly voicing its "serious doubts" that restitution is a debt within the meaning of the Code, the Court found it unnecessary to decide this question. *Id.* at 50, 105 S.Ct. at 361. Instead, *Kelly* based its holding on an interpretation of section 523(a)(7), which the Court read very liberally to preserve from discharge restitution exactly equal to the amount of the victim's loss, *see Kelly*, 479 U.S. at 38–39 & n. 2, 105 S.Ct. at 355–56 & n. 2, even though on its face the restitution hardly seemed to satisfy the section's explicit requirement that it " 'not [be] compensation for actual pecuniary loss,' " *Id.* at 50–53, 105 S.Ct. at

361–62 (quoting 11 U.S.C. § 523(a)(7)). Here, defendants have not argued that there is any provision comparable to section 523 to preserve restitution from avoidance.[3] The Court therefore cannot refrain from going on to consider whether restitution is a debt or whether, even if so, restitution nevertheless may not be avoided.

The Court believes that a fair reading of *Kelly* leaves little doubt about the proper outcome in this appeal. While an historical exception to avoidance of restitution does not appear to be as clearly established as the exception for discharge of restitution, this Court finds that the reasons for an exception are similarly compelling.

█ Here as in *Kelly*, Congress has given no clear signal to indicate that this Court should construe the Bankruptcy Code to require the anomalous result that restitution should be avoidable. *Kelly* therefore mandates that the Code should be liberally construed to minimize federal interference with the state criminal justice system. If anything, avoidance of restitution obligations is seemingly even more intrusive and disruptive of the state's criminal justice system than discharge of restitution. Far beyond merely extinguishing a debt that *ought* to be paid in the future, the trustee seeks to recover restitution that *has* been paid; plaintiff attempts to reach into the coffers of the county that convicted the debtor of her crime, and even into the pockets of the individual victim of her theft. Plaintiff's claim would thus turn the state's criminal justice system on its head in a federal bankruptcy proceeding: the state and the crime victim are the defendants, the criminal is the complainant. There can be no doubt that such an ironic and unseemly specter would impose undue burdens and uncertainties on the state (not to mention the victim), would lead to federal remission of state criminal judgments, and would hamper the sentencing decisions of state judges. To paraphrase what the Supreme Court described as the "leading case":

---

**3.** The Court therefore does not have before it and does not reach any such argument that

might be advanced.

"It might be admitted that section [547] of the [B]ankrupt[cy Code], if only the letter of those provisions be· looked to, would embrace [criminal restitution]; but it is well settled that there may be cases in which such literal construction is not admissible.... It may suffice to say that nothing but a ruling from a higher court would convince [this Court] that [C]ongress, by any provision of the [Code], intended to permit the [avoidance], under its operations, of any judgment rendered by a state or federal court imposing [restitution] in the enforcement of criminal laws...."

*See Kelly,* 479 U.S. at 45, 105 S.Ct. at 358 (approvingly quoting *In re Moore,* 111 F.145, 149 (W.D.Ky.1901)) (ellipses in original). *Compare generally, e.g., United States v. Caddell,* 830 F.2d 36 (5th Cir. 1987); *Davenport v. Pennsylvania Dept. of Pub. Welfare,* 89 B.R. 428 (E.D.Pa.1988) (reversing 83 B.R. 309 (Bankr.E.D.Pa. 1988)); *Kohr v. Magisterial Dist. of Lebanon County,* 82 B.R. 706 (Bankr.M.D.Pa. 1988); *Pennslyvania Dept. of Pub. Welfare v. Oslager,* 46 B.R. 58 (Bankr.M.D.Pa. 1985); *Black Hawk County v. Vik,* 45 B.R. 64 (Bankr.N.D. Iowa 1984); *Pellegrino v. Connecticut Div. of Criminal Justice,* 42 B.R. 129 (Bankr.D.Conn.1984); *Arizona v. Magnifico,* 21 B.R. 800 (Bankr.D.Ariz. 1982); *In re Button,* 8 B.R. 692 (Bankr.W. D.N.Y.1981), *later proceeding, Button v. Sheridan Oil Co.,* 18 B.R. 171 (Bankr.W.D. N.Y.1982); *People v. Calhoun,* 145 Cal. App.3d 568, 193 Cal.Rptr. 394 (1983); *People v. Washburn,* 97 Cal.App.3d 621, 158 Cal.Rptr. 822 (1979) *with, e.g., Becker v. County of Sacramento (In re Hackney),* 83 B.R. 20 (Bankr.N.D.Cal.1988); *People v. Taite,* 76 B.R. 764 (Bankr.C.D.Cal.1987); *Rajala v. Bowlus School Supply, Inc. (In re Kirk),* 38 B.R. 257 (Bankr.D.Kan.1984); *Blast v. Atlantic National Bank (In re Kayajanian),* 27 B.R. 711 (Bankr.S.D.Fla. 1983).

Accordingly, the Court concludes that, regardless of whether restitution should be analyzed as a debt, criminal restitution is excepted from avoidance under section 547. The trustee in bankruptcy has therefore failed to state a claim, and the decision of Chief Bankruptcy Judge King is affirmed.

IT IS SO ORDERED.