In re CAR RENOVATORS, Debtors.

Thomas E. REYNOLDS, Trustee of the Bankruptcy Estate of Car Renovators, Inc., Plaintiff–Appellant,

v.

DIXIE NISSAN, Defendant–Appellee.

No. 91–7043.

United States Court of Appeals, Eleventh Circuit.

Nov. 4, 1991.

Evelyn Y. Teague, Haskell, Slaughter & Young, Birmingham, Ala., for plaintiff-appellant.

Andrew N. LaPlante, Brobston & Brobston, Bessemer, Ala., for defendant-appellee.

Jake Bivona, Bessemer, Ala., Bryan Morgan, Executive Director, Ala. Dist. Attys. Ass'n, Montgomery, Ala., for amicus curiae.

Before COX and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

DUBINA, Circuit Judge:

Thomas E. Reynolds, Trustee of the Bankruptcy Estate of Car Renovators, Inc. ("the Trustee"), appeals the district court's order, which held that although a payment by Car Renovators, Inc. (the "Debtor") to Dixie Nissan ("Dixie") making good a previously dishonored check is a preference, it is not avoidable by the Trustee because it was restitution. For the reasons which follow, we reverse.

## I. STATEMENT OF THE CASE

On December 21 or 22, 1988, the Debtor tendered two checks totaling $2,674.63 to Dixie for the purchase of car parts and other supplies. The two checks were subsequently dishonored by the payor bank due to insufficient funds in the Debtor's account. Pursuant to Alabama's Worthless Check Act ("the Act"), Ala. Code § 13A–9–13(2) (1975 & Supp.1990), notice of dishonor was sent to the Debtor giving it ten days to remit the funds to the worthless check unit of Alabama's district attorney's office.[1] The Debtor was also informed that by acting upon the notice it could qualify for deferred prosecution.[2] The Debtor's president, after being informed by the district attorney that two warrants had been issued for his arrest, and within ten days of the notice, remitted a cashier's check to the worthless check unit to cover the two bad checks. The district attorney then forwarded to Dixie the funds owed to it because of the dishonored check. The Debtor was never prosecuted.

Within ninety days of the two check transactions, the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code ("the Code"), 11 U.S.C. § 101, et seq. Subsequently, the Chapter 11 bankruptcy was converted to a Chapter 7 bankruptcy and the Trustee was appointed. On April, 2,

---

1. The worthless check unit was established pursuant to Ala.Code § 12–17–224 (1975 & Supp. 1990).

2. The Act allows the writer of a dishonored check to avoid criminal prosecution by paying, within ten days of receiving notice of dishonor, the appropriate amount to cover the original check plus costs.

1990, the Trustee filed a complaint to avoid and recover preferential transfers of property pursuant to § 547 of the Code, which allows the Trustee to avoid certain payments made by the debtor within ninety days of the bankruptcy filing.

The bankruptcy court held that because the funds obtained by the district attorney were received and cashed by Dixie within ninety days before the filing of the Debtor's bankruptcy petition, and the cashier's check was cashed when the Debtor was insolvent, it was a claim paid from the Debtor's assets under facts and circumstances that satisfied the requirements of § 547 of the Code and, therefore, could be recovered by the Trustee. Dixie appealed to the district court which reversed. The district court deemed the payment to be criminal restitution and therefore excepted from avoidance in Chapter 7 cases under § 547 of the Code. The Trustee then perfected this appeal.

## II. ANALYSIS

■ Section 547(b) of the Code allows a trustee (on behalf of the creditors) to avoid or to recover certain transfers of property made by a debtor "for or on account of an antecedent debt" in the ninety days before the debtor filed for bankruptcy while the debtor was insolvent.[3] Payment by a check, for bankruptcy purposes, is considered to be equivalent to a cash payment if the check is honored. However, if the check is not honored, as in the present case, the transaction becomes a credit transaction. *See In re Standard Food Services, Inc.*, 723 F.2d 820 (11th Cir.1984). A payment for a dishonored check is therefore a payment on account of an ante-

cedent debt, at least when it is not made pursuant to court-ordered restitution based on a criminal conviction. 723 F.2d at 821.

■ We agree with the bankruptcy court and the district court that the payment by the Debtor of the dishonored check is a preference. Section 547(c) of the Code, however, provides exceptions to the ability of the Trustee to avoid preferences. Dixie does not raise any of the provided exceptions to avoidance. Instead, Dixie argues that § 523(a)(7), which is an exception to discharge, should be extended to apply as an exception to the avoidance power of the Trustee. Section 523(a)(7) excepts from discharge a debt to the extent that it resulted from "a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss...." Dixie not only wants to add a new exception to the Trustee's power to avoid certain preferences, it also urges us to apply the new exception to preclude the avoidance of a payment that did not result from a criminal sentence.

In *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), the U.S. Supreme Court held that restitution obligations imposed as a condition of probation in state criminal proceedings are not dischargeable under § 523(a)(7) of the Code. Although restitution is not mentioned in § 523(a)(7), the Court excepted restitution from discharge because the section "[P]reserves from discharge any condition a state criminal court imposes as part of a criminal sentence." 479 U.S. at 50, 107 S.Ct. at 361.

In the present case, the district court adopted the reasoning of *In re Nelson*, 91 B.R. 904 (N.D.Cal.1988), which extended the reasoning in *Kelly* to except criminal

---

**3.** § 547 Preferences

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made—
    (A) on or within 90 days before the date of the filing of the petition; or

    (B) between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if—
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

      *    *    *    *    *    *

restitution from avoidance under § 547 of the Code. The district court went even further by extending the rationale of *Kelly* and *Nelson* to include a payment for a worthless check that was not required as part of a criminal sentence.[4]

Even if we were willing to apply § 523 of the Code in an avoidance setting, the federalism policy upon which *Kelly* was based makes its holding irrelevant in a case where the payment in question is not part of the criminal sentence. The Supreme Court in *Kelly* based its holding that restitution was not dischargeable in a Chapter 7 bankruptcy upon the fact that the restitution it was considering was part of a criminal sentence. The Court began with the premise that "[c]ourts traditionally have been reluctant to interpret federal bankruptcy statutes to remit state *criminal judgments.*" 479 U.S. at 44, 107 S.Ct. at 358 (emphasis added). The Court goes on to state that when interpreting the statute applicable to the dischargeability of debts, it must be interpreted "in light of the history of bankruptcy court deference to *criminal judgments* and in light of the interests of states in unfettered administration of their criminal justice systems." *Id.* (emphasis added). The Court emphasized the significance of the states' interests in enforcing penal sanctions and their interests in controlling criminal prosecutions.

In the present case, since there are no penal sanctions, criminal judgments, nor continuing prosecutions with which § 547 could potentially interfere, the Supreme Court's federalism concern that the bankruptcy courts "should not invalidate the results of state criminal proceedings" is not implicated. 479 U.S. at 47, 107 S.Ct. at 360.[5]

■ The Debtor chose to avoid possible conviction by making the payment to the district attorney for the worthless check. Although Ala. Code § 12–17–224(a)(2) c, designates the repayment of the bad check as restitution, it is questionable whether the repayment is so similar in nature to a fine that it would come under § 523(a)(7) of the Code. The *Kelly* holding deemed the restitution in the case to be nondischargeable because it was part of a criminal sentence. 479 U.S. at 50, 107 S.Ct. at 361. The definition of restitution for purposes of the Act materially differs from that considered in *Kelly*. *See* Ala.Code § 12–17–224(a)(2)e1(ii). By complying with the requirements of the Act, the Debtor avoided a trial to consider whether he committed the crime of "negotiating a worthless negotiable instrument." Ala.Code § 13A–9–13.1. The Debtor was never prosecuted, convicted, nor sentenced by a state criminal court.[6]

Section 547 of the Code, to the extent that it may interfere with the Act, does not raise federalism concerns under the current facts because the Code merely allows the Trustee to initially avoid the payments. Avoidance and discharge are very different concepts because even if the Trustee can avoid a payment, it is still owed until discharged. The issue of federal intervention in state criminal prosecution can only truly arise where the Code allows the discharge of a payment made as part of a criminal sentence.[7]

---

**4.** It is important to note that in this case there is no court-ordered restitution stemming from a criminal conviction.

**5.** The Supreme Court has emphasized repeatedly "the fundamental policy against federal interference with state criminal prosecutions." *See Younger v. Harris*, 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971).

**6.** The form of restitution applied within the Act may also fall short of the requirement for exclusion from dischargeability because it may be deemed compensatory in nature. Section 523(a)(7) will not apply to restitution that is solely designed to compensate the victim. Herein the restitution has the appearance of

being imposed for the sole purpose of compensating the victim. The Act states no penal or rehabilitative interests. Restitution is based solely on the amount of the dishonored check, bank costs to the victim, and the costs to the district attorney for administering the program. In this case, there was no court hearing for the Debtor to determine the amount or type of restitution due to the victim.

**7.** We are not asked in this appeal to determine whether the debt may be discharged, nor are we asked to consider the avoidability of restitution resulting from a criminal sentence. Only when those questions arise will *Kelly* and its progeny become potentially relevant.

## III. CONCLUSION

For the foregoing reasons, the district court's order is reversed and the case remanded for further proceedings consistent with this opinion.

REVERSED and REMANDED.