**In re Kenneth Dwayne LACEFIELD, Debtor.**

**Mark T. MILLER, Trustee, Plaintiff,**

v.

**CUMIS INSURANCE SOCIETY, Defendant.**

**Bankruptcy. No. 92–30001.**
**Adv. No. 93–3012.**

United States Bankruptcy Court,
E.D. Kentucky,
Frankfort Division.

May 11, 1994.

Mark T. Miller, Nicholasville, KY, Trustee.

Laura Day DelCotto, Lexington, KY, for Cumis Ins. Soc.

### *MEMORANDUM OPINION*

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on cross Motions for Summary Judgment. The issue to be resolved herein is whether criminal restitution payments are avoidable as preferential transfers pursuant to 11 U.S.C. § 547(b). This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

The parties have entered into an Agreed Stipulation of Facts which sets out certain undisputed facts. The debtor herein embezzled $22,972.76 from his employer, Roll Forming Corporation Employees Federal Credit Union, in August 1990. The debtor was charged, via an information, and on November 4, 1991 he entered a guilty plea in the United States District Court for the Eastern District of Kentucky in Case No. 91–10, United States of America v. Kenneth D. Lacefield. As a result of his conviction, the debtor was ordered to pay restitution in the amount of $19,972.76 to the defendant and $3000.00 to his employer.

Restitution to the defendant was ordered because it was the insurance carrier for the employer and had previously paid the amount set out above. The defendant took an assignment of rights of the employer against the debtor. Following entry of judgment against him, the debtor paid the defendant restitution through the United States Attorney's Office, which transferred the funds to the defendant on February 13, 1992. The source of the funds was the debtor's personal residence.

The debtor filed his Chapter 7 petition in this Court on January 3, 1992. As of that date, the debtor listed secured debts of $13,-800.00 on property with a scheduled value of $10,700.00, and unsecured debts of $9,350.00. No funds will be available for distribution to unsecured creditors except to the extent, if any, that this Court avoids the transfer of the $19,972.78. The trustee filed this proceeding on September 14, 1993, after the defendant rejected his demands for repayment of the $19,972.76.

The issue of whether the trustee may avoid a transfer as preferential is determined pursuant to 11 U.S.C. § 547(b), which provides that a transfer may be avoided if it is made

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) while the debtor was insolvent;

(4) within 90 days before the date of the filing of the petition;

and

(5) it enables such creditor to receive more than it would receive if the transfer had not been made and the creditor received its pro rata share.

The trustee maintains that the payment to the defendant fits these criteria. He bases his position on the holdings in *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) and *In re Currey*, 144 B.R. 490 (Bkrtcy.D.Idaho 1992). The Supreme Court in *Davenport* held, *inter alia*, that restitution obligations are debts within the meaning of 11 U.S.C. § 101(11) (now § 101(12)). The *Currey* court cited *Davenport* in finding that the trustee could avoid the payment of a restitution obligation pursuant to 11 U.S.C. § 547(b). See also *In re Kayajanian*, 27 B.R. 711 (Bankr.S.D.Fla.1983).

The defendant, on the other hand, contends that this Court should follow the decision in *In re Nelson*, 91 B.R. 904 (N.D.Cal. 1988), in which the district court upheld the bankruptcy court's finding that the trustee could not avoid a restitution obligation as a preferential transfer. It based this result on

the Supreme Court's decision in *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) that a restitution obligation was nondischargeable pursuant to 11 U.S.C. § 523(a)(7).

While the *Currey* and *Nelson* cases come to opposite conclusions, the Supreme Court cases which provide their respective rationales are not mutually exclusive. The *Davenport* Court, in ruling that a criminal restitution obligation was dischargeable in a Chapter 13 case, acknowledged that the *Kelly* Court's ruling concerning the nondischargeability of such a debt pursuant to § 523(a)(7) in a Chapter 7 case was unaffected. The court went on to state:

> Nor do we conclude lightly that Congress intended to interfere with States' administration of their criminal justice systems. *Younger v. Harris*, 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971). As the Court stated in *Kelly*, permitting discharge of criminal restitution obligations may hamper the flexibility of state criminal judges in fashioning appropriate sentences and require state prosecutors to participate in federal bankruptcy proceedings to safeguard state interests. 479 U.S., at 49, 107 S.Ct., at 360. Certainly the legitimate state interest in avoiding such intrusions is not lessened simply because the offender files under Chapter 13 rather than Chapter 7. Nonetheless, the concerns animating *Younger* cannot justify rewriting the Code to avoid federal intrusion. Where, as here, congressional intent is clear, our sole function is to enforce the statute according to its terms.

495 U.S. at p. 564, 110 S.Ct. at pp. 2133–2134.

This reasoning does away with the option of concluding, as the *Nelson* court did, that the principle of exception to dischargeability should be applied in an avoidance context. The *Davenport* court is clearly saying that the concerns which made criminal restitution obligations nondischargeable pursuant to § 523(a)(7) are not controlling in Chapter 13 cases, because "congressional intent is clear," and the language of the Code requires otherwise. It is just so in the case of a § 547(b) avoidance action.

All of the elements of that section, as set out above, apply in the case of a criminal restitution obligation. It does not fall to this Court, or any other, to carve out some "exception" to that section which the Bankruptcy Code does not contemplate. In fact, § 546 specifically sets out the limitations on the trustee's avoiding powers. In addition, as the trustee points out, avoidance of the restitution obligation does not extinguish it, nor does it preclude the defendant from challenging its dischargeability in a separate action.

Based on the foregoing, it is therefore the opinion of this Court that the trustee is entitled to judgment as a matter of law, and his Motion for Summary Judgment should be sustained. The defendant has not borne its burden of demonstrating that it is entitled to judgment as a matter of law, and its Motion for Summary Judgment should be overruled. An order is conformity with this opinion will be entered separately.