**In re Joseph BOVA and Janet Aubrey Bova, Debtors.**

**Joseph Bova and Lawrence P. Sumski, Chapter 13 Trustee, Plaintiffs,**

**v.**

**St. Vincent De Paul Corp., Defendant.**

**Bankruptcy No. 00–12127–MWV. Adversary No. 01–1065–MWV.**

United States Bankruptcy Court, D. New Hampshire.

Jan. 7, 2002.

Grenville Clark III, Gray, Wendell & Clark, Manchester, NH, for Joseph Bova and Lawrence P. Sumski, Chapter 13 Trustee.

Paul A. Rinden, Rinden Professional Association, Concord, NH, for St. Vincent De Paul Corp.

### *MEMORANDUM OPINION*

MARK W. VAUGHN, Chief Judge.

The Court has before it the complaint of Debtor/Plaintiff, Joseph Bova ("Bova"), joined by the Chapter 13 Trustee/Plaintiff, Lawrence Sumski ("Trustee") (together, "Plaintiffs"), seeking to avoid as preferential a transfer to the creditor/Defendant, St. Vincent De Paul Corp. ("Defendant") pursuant to section 547 of the United States Bankruptcy Code (the "Code"). A hearing was held on December 3, 2001, at which the parties entered certain documentary evidence and the Court heard the brief testimony of Bova.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### *FACTS*

The basic facts are not in dispute. On July 25, 2000, Bova filed an original petition under Chapter 7 of the Code, which was converted to Chapter 13 on November

27, 2000. The Defendant holds a claim against Bova arising out of a criminal restitution order that had been reduced to a judgment prior to the Bova bankruptcy. To secure the judgment, the Defendant obtained an order of attachment from the Strafford County (NH) Superior Court on March 2, 2000 against real estate owned by Bova. The attachment order was served on the Strafford County Registry of Deeds on May 24, 2000. Personal service was also made on Bova on May 24, 2000. It is this attachment that Plaintiffs seek to avoid as a preference pursuant to section 547 of the Code.

## DISCUSSION

The relevant portions of section 547 are as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) Such creditor received payment of such debt to the extent provided by the provisions of this title.

. . . .

(e)(1) For the purposes of this section—

(A) a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest superior to the interest of the transferee; and . . .

. . . .

(f) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

11 U.S.C. § 547. There is no issue that the obtaining of the attachment was a transfer of the Debtor's interest in property for the benefit of a creditor holding an antecedent debt. *Id.* § 547(b)(2). As to insolvency, Plaintiffs relied on the presumption of insolvency, but testimony was taken on the issue of the value of the real estate. The only evidence as to whether the creditor would receive more if the preference was not avoided was introduced by Bova, was not rebutted, and showed that the Plaintiffs met their burden under section 547(b)(5). The Defendant raised the issue of Bova's insolvency, which will be summarily dealt with below. The main issues raised by the Defendant were the time of the transfer and an alleged judicial exception to the avoiding powers under section 547.

The Court will deal with the insolvency issue first. Section 547(f) creates a presumption of insolvency for the ninety day period preceding bankruptcy. The

creditor has the burden of overcoming this presumption. Bova testified that the value given to the real estate in question in his bankruptcy schedules was the town's appraised value of $287,000. He further testified that in an effort to refinance to obtain funds to settle this matter, he had been advised by two banks that the property would not support a higher appraisal. Bova further testified that the building was two hundred years old and had maintenance problems. On cross-examination, Bova agreed that the property assessment had increased by ten percent in 2001, or by $28,700, to a total of $316,400. He testified that the 2001 increase was across the board, and he didn't believe the assessors ever looked at the property. There was no other evidence of value. This Court finds that the Defendant has not met its burden of overcoming the presumption of insolvency. Further, even if the $316,400 figure was used, according to Bova's summary of schedules included in his bankruptcy petition, liabilities would exceed assets by $25,485 ($464,659 minus $439,174). Thus, using the balance sheet method, Bova would still be insolvent. The Court finds that Bova was insolvent within ninety days preceding his bankruptcy.

█ The Defendant also argues that the date of the transfer is March 2, 2000, the date the order of attachment was obtained, which is outside the ninety day window for preferences. This Court disagrees. The cases cited by the Defendant pertain to statutes that have provisions for the relation-back of perfection and are not applicable to an attachment of real estate either under federal bankruptcy law or the laws of the State of New Hampshire.

Section 547(e) makes it clear under bankruptcy law that a transfer of real property is perfected only when a bona fide purchaser for value cannot acquire a superior interest. New Hampshire Revised Statute Annotated § 511–A(5), providing for prejudgment attachments, states:

Filing Attachments. The order of the court may be filed with the register of deeds as to real estate or with the secretary of state as to personal property, by the plaintiff or his attorney, without further notice to the defendant. Where notice of such order needs to be given to any trustee, such order shall be served upon the trustee in such manner as may be prescribed by rules of the superior court. Such attachments shall be effective against any trustee, the defendant and all others, except bona fide purchasers for value, as of the time of service or as ordered by the court. Such attachments shall not be effective against bona fide purchasers for value until attachments of real estate have been recorded in the registry of deeds for the county or counties in which the real estate lies or until other attachments are filed with the secretary of state. Fees payable for such recordings or filings shall be in accordance with RSA 478:17–g. As between attaching creditors, all attachments made in conformity with this chapter shall have priority in the order of service of notice on the defendant as provided by RSA 511–A:2.

N.H. RSA § 511–A:5. The statute clearly provides, as required by section 547(e), that until the attachment is served on a registry of deeds, the attachment shall not be effective against a bona fide purchaser for value. Similarly, N.H. RSA § 511:3 requires service on the registry of deeds. The only relation-back provision in section 511 is provided in the last sentence of section 511–A:5 and is relevant only to two or more attaching creditors, which is not the case here. The Court finds that the date of transfer is the date of service on the registry of deeds, May 24, 2000, which

is within ninety days of the bankruptcy filing.

■ Finally, Defendant argues that there is a judicial exception to the avoiding powers under section 547 for payments of criminal restitution. For this proposition, Defendant cites *Becker v. County of Santa Clara (In re Nelson),* 91 B.R. 904 (N.D.Cal.1988). First, this Court is not bound by that decision. Second, it can be factually distinguished because in the *Nelson* case, the trustee sought to recover as preferences payments that had already been made to the public treasury. Finally, the judge in that case, in discussing the United States Supreme Court case of *Kelly v. Robinson,* paraphrased a quote from *Moore,* which the Supreme Court had cited. Most importantly, in paraphrasing the *Moore* court, the *Nelson* court took the following sentence from *Moore,* "It may suffice to say that nothing but a ruling from a higher court would convince me that congress, by any provision of the bankrupt act, intended to permit the *discharge,* under its operations, of any judgment rendered by a state or federal court imposing a fine in the enforcement of criminal laws...." *Kelly v. Robinson,* 479 U.S. 36, 45, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) (emphasis added) (quoting *In re Moore,* 111 F. 145, 148–149 (W.D.Ky.1901)) and changed it as follows, "It may suffice to say that nothing but a ruling from a higher court would convince [this Court] that [C]ongress, by any provision of the [Code], intended to permit the [*avoidance* ], under its operations, of any judgment rendered by a state or federal court imposing [restitution] in the enforcement of criminal laws...." *In re Nelson,* 91 B.R. at 907 (emphasis added) (quoting *Kelly v. Robinson,* 479 U.S. at 45, 107 S.Ct. 353). After changing the word "discharge" to "avoidance," the *Nelson* court then came to the conclusion that "criminal restitution" is excepted from the avoiding powers under section 547. Like this Court, courts have failed to follow *Nelson. See Movitz v. Maricopa County (In re Ball),* 257 B.R. 309 (Bankr.D.Ariz.2001); *Miller v. Cumis Ins. Soc'y (In re Lacefield),* 167 B.R. 89 (Bankr.E.D.Ky.1994); *Zimmerman v. Itano Farms, Inc. (In re Currey),* 144 B.R. 490 (Bankr.D.Idaho 1992).

■ In 1994, Congress amended section 1328 of the Code to include as excepted from a Chapter 13 discharge as follows:

> (a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
>
> ....
>
> (3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime.

11 U.S.C. § 1328. This Court has already found that the debt in question is excepted from discharge under that section, which Bova has appealed. That being the case, there is no intrusion by this Court on the state's right to enforce its criminal statutes. The most important purpose of the preference section is to facilitate equality among creditors. 5 COLLIER ON BANKRUPTCY, ¶ 547.01 (15th Ed.Rev.2001). Most of the defenses to a preference action are not based on any wrongdoing by the debtor, but in fact reflect the commercial reality of the transaction. To not avoid this attachment would result in the diminished return to unsecured creditors. In this Chapter 13 context, the Debtor's plan would have to pay at least what the creditors would recover in a Chapter 7 liquidation, including any equity in the Debtor's real property.

For the reasons cited above, this Court finds that the Defendant's attachment meets all the requirements of a preference and is hereby avoided.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.