In the Matter of WADSWORTH BUILDING.COMPONENTS, INC., Debtor.

Gary L. McCLENDON, Trustee, Plaintiff,

v.

CAL–WOOD DOOR, Defendant.

Bankruptcy No. 80–00493.
Adversary No. 80–0390.

United States Bankruptcy Court,
D. Idaho.

April 15, 1981.

Gary L. McClendon, Boise, Idaho, for plaintiff.

Robert J. Ennis, Boise, Idaho, for defendant.

## MEMORANDUM DECISION

M. S. YOUNG, Bankruptcy Judge.

By this action trustee seeks to recover as a preference, payment made by debtor to defendant within ninety (90) days of the commencement of the bankruptcy proceeding against debtor.

The facts have been stipulated by trustee and defendant to be as follows:

1. That for several years prior to the filing of the bankruptcy petition for the Debtor herein, the Defendant regularly sold and delivered to the Debtor goods and materials constituting inventory items, all of said sales being made by the Defendant to the Debtor on open account.

2. During the period commencing September 1, 1979, and ending April 4, 1980, the date of the filing of the bankruptcy petition for the Debtor herein, the Defendant sold and delivered certain goods and materials on the dates and having the reasonable values as follows:

| Sales Order No. | Invoice No. | Date of Invoice | Date Shipped | Amount |
|---|---|---|---|---|
| 7431 | 20069 | 9/12/79 | 9/7/79 | $13,129.15 |
| 7431 | 20269 | 9/26/79 | 9/21/79 | 1,392.80 |
| 21550 | 20278 | 9/26/79 | 9/21/79 | 460.00 |
| 21614 | 20534 | 10/8/79 | 10/5/79 | 2,101.80 |
| 7701 | 20650 | 10/15/79 | 10/12/79 | 17,668.75 |
| 7701 | 20775 | 10/25/79 | 10/24/79 | 1,555.50 |
| 21608 | 20788 | 10/25/79 | 10/24/79 | 365.40 |
| 8014 | 21124 | 11/14/79 | 11/13/79 | 13,605.55 |
| 8014 | 21237 | 11/26/79 | 11/21/79 | 345.00 |
| 8040 | 21354 | 11/30/79 | 11/26/79 | 745.30 |
| 8292 | 21499 | 12/12/79 | 12/11/79 | ,995.30 |
| 8637 | 21961 | 1/23/80 | 1/22/80 | 14,594.20 |
| 8637 | 22028 | 1/25/80 | 1/23/80 | 6,889.85 |

3. That in early December 1979, Debtor delivered its check dated November 28, 1979, payable to the Defendant in the amount of $21,691.45 (hereafter called "subject check") and the remittance advice portion of the subject check indicates that the debtor intended the subject check to be payment of the following:

| Sales Order No. | Invoice No. | Date of Invoice | Amount |
|---|---|---|---|
| 7701 | (20650) | 10/15/79 | $17,668.75 |
| 7701 | (20779) | 10/25/79 | 1,555.50 |
| 21614 | (20534) | 10/8079 | 2,101.80 |
| 21608 | (20788) | 10/25/79 | 365.40 |

4. That in the due course of business, Defendant deposited the subject check but the same was returned to Defendant without being paid by the bank for the reason that the Debtor lacked sufficient funds in its account. Prior to learning that the subject check was dishonored, on December 11, 1980, the Defendant sold and delivered to the Debtor certain goods and materials having a reasonable value of $6,995.30.

5. Following notice to the Defendant that the subject check had been dishonored, a representative of Defendant, on a number of occasions, discussed payment thereof with George Wadsworth, President of the Debtor corporation, and other employees of the Debtor and at all times advised the Debtor that no further goods and materials would be sold and delivered until the subject check was paid.

6. On December 26, 1979, Defendant received an order for additional goods and materials from the Debtor, which order is identified as Sales Order No. 8637 in the itemization contained in paragraph 2, above. Following the receipt of said order, the Defendant, through Phil Balmer, the Comptroller of the Defendant, and other employees of the Defendant, had several telephone conversations with George Wadsworth, President of the Debtor, and advised the Debtor that the order would not be shipped or additional credit granted to the Debtor until the subject check was paid. Upon receiving the promise and assurance from George Wadsworth that the check would be honored if re-deposited and in reliance upon said promise and assurance, the Defendant agreed to extend to the Debtor additional credit and on January 22, 198(0), and January 23, 198(0) shipped the goods and materials ordered, the reasonable value of said goods and materials so shipped being the amount of $21,484.05.

7. The Debtor's bank on which the subject check was drawn honored the check and transferred the funds from the Debtor's account on February 14, 1980.

8. Since February 14, 1980, the Defendant has not given new value to or for the benefit of the Debtor.

9. The Defendant does not have a perfected security interest in any of the property belonging to the Debtor to secure payment of any goods and materials sold and delivered by the Defendant to the Debtor.

10. On February 14, 1980, the Debtor was insolvent but such fact was not known to the Defendant at that time.

11. February 14, 1980, was within 90 days immediately prior to the date of filing the bankruptcy petition for the Debtor herein.

12. The Defendant has not been paid all or any portion of the reasonable value of any of the goods and materials sold and delivered by the Defendant to the Debtor on or after November 13, 1979, including the goods and materials sold and delivered to the Debtor on January 22, 1980, and January 23, 1980.

Plaintiff-trustee contends that when the check was honored on February 14, 1980, it constituted a preference under Section 547(b) and that none of the provisions of 547(c) exempting certain types of transactions from the effect of 547(b) are applicable to the fact situation.

Defendant contends that the transfer on February 14, 1980, was a transfer " * * * intended by the debtor and the (defendant) * * * to be a contemporaneous exchange for new value given to the debtor"; and was "in fact a substantially contemporaneous exchange," not voidable by reason of 547(c)(1)(A) and (B). Defendant's argument is that when defendant shipped delayed orders after dishonor of debtor's check upon debtor's promise that the check would be honored, it gave "new value" in the form of additional credit, said credit being the shipment of the orders which it had delayed pending payment of the October invoices, and that because the check cleared within thirty days, there was a substantially contemporaneous transfer. It relies on Section 28–3–503(2)(a) of the Idaho Code which provides that a reasonable time for presentment of a check is thirty days after date or issue, whichever is the later, to say the payment on February 14, 1980, was contemporaneous with the promise to pay the dishonored check.

I find defendant's argument to be fallacious for the following reasons:

(1) The true consideration for defendant's shipment of the December order which it had refused to ship until paid for the October orders was debtor's agreement to pay for such orders in the future in the established course of business. It was not debtor's promise to make the dishonored check good. That check was in payment of an existing legal obligation, and as such could not be consideration for the later shipments. Payment of the bad check was a condition precedent to shipment, but not consideration for the new shipment. Thus defendant gave no new value for the promise to make the dishonored check good.

"The general rule is that a promise to do what the promisor is already legally bound to do, or the performance of an existing legal obligation, does not constitute consideration, or sufficient consideration, for a contract." 17 Am. Jur.2d 465 § 119.

(2) The transaction was not intended to be, and was not in fact, contemporaneous. The check was issued and dated November 28, 1979. It was dishonored on presentation but paid on February 14, 1980, some ninety-eight days later. This payment was not a new transaction, but the completion of one which originated on November 28, 1979.

(3) In accepting debtor's promise to pay for the December order shipped in January of 1980, defendant acted no differently than other creditors who, relying on debtor's promise to pay for them in the future, shipped goods during the same period.

The February 14, 1980, payment thus fits all the requirements of a voidable preference under § 547(b) because it was

made for the benefit of defendant, on account of an antecedent debt, owed before the transfer was made, while debtor was insolvent, and within ninety days before the date of the filing of the petition herein. If the preferential payment is added to the funds available for payment of dividends to creditors of the defendant's same class defendant will receive less than it now has and will be required to share equally with other creditors of its class, who will receive a greater share.

I, therefore, find for plaintiff. Counsel may submit a judgment.