723 F.2d 820
 11 Bankr.Ct.Dec. 726, Bankr. L. Rep. P 69,726
 In re STANDARD FOOD SERVICES, INC., Debtor.
John J. GOGER, As Trustee in Bankruptcy for the Estate of
Standard Food Services, Inc., Plaintiff-Appellee,
v.
CUDAHY FOODS COMPANY, Defendant-Appellant.
 No. 83-8052.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 23, 1984.
 
 Patrick L. Swindall, Atlanta, Ga., for defendant-appellant.
 Elizabeth A. Edelman, Atlanta, Ga., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before TJOFLAT and HILL, Circuit Judges, and LYNNE*, District Judge.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 John J. Goger, the trustee in bankruptcy for Standard Food Services, Inc., brought this action initially in the bankruptcy court, seeking to avoid as preferences under 11 U.S.C. Sec. 547 (1982) certain transfers from the debtor to Cudahy Foods Company (Cudahy). The bankruptcy court granted summary judgment in favor of Cudahy, and the trustee appealed. The district court reversed the bankruptcy court, granting summary judgment in favor of the trustee, and Cudahy appealed. Finding the decision of the district court to be correct, we affirm.
 
 
 2
 On June 26 and 27, 1980, Standard purchased food from Cudahy, making payment by check dated June 27 in the amount of $5,128.50. Cudahy deposited the check on June 30, and the bank dishonored the check on July 3, 1980. At that time, Standard owed Cudahy over $50,000 for food purchases, and Cudahy notified Standard that Standard should expect no further deliveries until Cudahy received funds. On July 7, 1980, Standard offered Cudahy a counter check in the amount of $5,128.50. Cudahy refused to accept that check, and Standard, on July 8, 1980, tendered a cashier's check for $5,128.50, which Cudahy accepted. On July 8, Standard was insolvent.
 
 
 3
 The only issue before us on this appeal is whether section 547(c)(1) of the Code prevents the trustee from avoiding the payment as a preference. That section prevents avoidance of a transfer "to the extent that such transfer was--(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and (B) in fact a substantially contemporaneous exchange ...." 11 U.S.C. Sec. 547(c)(1) (1982). The Code defines "new value" as "money, ... goods, services, or new credit, or release ... of property ..., but ... not ... an obligation substituted for an existing obligation ...." Id. Sec. 547(a)(2).
 
 
 4
 Cudahy contends that the tender of the check dated June 27 for the food delivered constituted a valid "contemporaneous exchange for new value." In support, Cudahy cites the following language from the legislative history of the Reform Act:
 
 
 5
 The first exception is for a transfer that was intended by all parties to be a contemporaneous exchange for new value, and was in fact substantially contemporaneous. Normally, a check is a credit transaction. However, for the purposes of this paragraph, a transfer involving a check is considered to be "intended to be contemporaneous," and if the check is presented for payment in the normal course of affairs, which the Uniform Commercial Code specifies as 30 days, U.S.C. Sec. 3-503(882)(a), that will amount to a transfer that is "in fact substantially contemporaneous."
 
 
 6
 S.Rep. No. 989, 95th Cong., 2d Sess. 88, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5874; see also H.R.Rep. No. 595, 95th Cong., 2d Sess. 373 reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 6329 (identical wording). Cudahy's argument would be dispositive had the check cleared;[1] however, other portions of the legislative history indicate that the dishonor of Standard's check by the bank changed the nature of the transaction.
 
 
 7
 Contrary to language contained in the House report, payment of a debt by means of a check is equivalent to a cash payment unless the check is dishonored. Payment is considered to be made when the check is delivered for purposes of sections 547(c)(1) and (2).
 
 
 8
 124 Cong.Rec. H11,097 (daily ed. Sept. 28, 1978); 124 Cong.Rec. S17,414 (daily ed. Oct. 6, 1978) (both versions using identical language) (emphasis added). Thus, the legislative history indicates that, when the check bounced, the transaction became a credit transaction. When Cudahy received the cashier's check on July 8, the check satisfied the preexisting debt and therefore was not a contemporaneous exchange for new value. See In re Wadsworth Bldg. Components, Inc., 10 B.R. 662 (Bkrtcy.D.Idaho 1981).
 
 
 9
 Cudahy argues that we should ignore the legislative history and rely instead on the substance of the transaction. In general terms, under section 547(b), a transfer constitutes a preference only to the extent that the "transfer [diminishes] the bankrupt's estate ...." Nicholson v. First Investment Co., 705 F.2d 410 (11th Cir.1983) (construing 1898 Act). In this case, the debtor received goods worth $5,128.50; shortly thereafter, Cudahy received payment. Thus, argues Cudahy, the payment could not have been a preference.
 
 
 10
 Cudahy's argument accurately sets forth the policies underlying section 547; however, Congress considered those policies and effectuated them in a subsection of the statute not properly before us in this case.[2] Section 547(c)(2) provides that
 
 
 11
 The trustee may not avoid under this section a transfer--
 
 
 12
 (2) to the extent that such transfer was--
 
 
 13
 (A) in payment of a debt incurred in ordinary course of business or financial affairs of the debtor and the transferee;
 
 
 14
 (B) made not later than 45 days after such debt was incurred;
 
 
 15
 (C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
 
 
 16
 (D) made according to ordinary business terms;
 
 
 17
 11 U.S.C. Sec. 547(c)(2) (1982). The issue is not before us; therefore, we do not address the applicability of section (c)(2) to this particular case.
 
 The judgment of the district court is
 
 18
 AFFIRMED.
 
 
 
 *
 Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation
 
 
 [1]
 The trustee contends that the check was postdated and not "contemporaneous" because Cudahy delivered a portion of the goods on June 26 while Standard tendered the check on June 27. We do not agree. The statute specifies that the exchange must be "substantially contemporaneous;" in this case, most of the goods were delivered on the 27th and Standard "paid" by check at that time. This is enough to satisfy the requirements of the statute. See In re Arnett, 17 B.R. 912 (E.D.Tenn.1982)
 
 
 [2]
 Cudahy has attempted to argue the applicability of this section for the first time before this court; we therefore do not consider the issue. See Guerra v. Manchester Terminal Corp., 498 F.2d 641, 658 n. 47 (5th Cir.1974) (refusing to consider point unless issue a "pure question of law" and absent manifest injustice). Section (c)(2) requires that the transfer be made "in the ordinary course of business," a question of fact, and the record does not indicate that Cudahy offered any proof on this element in the bankruptcy court. We thus have no basis for holding in Cudahy's favor on this point in any event