**Howard W. JONES, Trustee for Golco Industries, Inc., Appellant,**

v.

**ARISTECH CHEMICAL CORPORATION,**
**Appellee.**

**Civ. A. No. 4:93–cv–56–HLM.**

United States District Court,
N.D. Georgia,
Rome Division.

June 30, 1993.

Howard W. Jones, Jones & Ledbetter, Calhoun, GA, for appellant.

Jackson L. Culbreth, Culbreth & Sharony, Atlanta, GA, for appellee.

## ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on the Trustee's appeal of the January 11, 1993 Order of the Bankruptcy Court. The Trustee contends that the Bankruptcy Court erred in: (1) holding that Aristech Chemical Corporation's ("Aristech") shipment of goods before Golco's checks were honored constituted a "new value" exception against preference payments under 11 U.S.C. § 547; and (2) failing to award the Trustee prejudgment interest on the amount of preference payments from the date of demand. Jurisdiction is proper pursuant to 11 U.S.C. § 158(a).

## I. BACKGROUND

This case arises from the involuntary bankruptcy of Golco filed on March 1, 1991. Prior to Golco's bankruptcy, Aristech supplied polypropylene to Golco. During the 90 day preference period prior to when Golco filed for bankruptcy on March 1, 1991, Aristech received various payments from Golco, and in turn made various shipments of polypropylene to Golco. The transactions basically occurred as follows. Golco would request a shipment of polypro-pylene from Aristech. Aristech would request that Golco pay off its oldest outstanding invoice. Golco would then send a check covering the oldest outstanding invoice. Finally, Aristech would ship the polypropylene to Golco.

Golco's Trustee claims that $43,745.60 of these payments from Golco to Aristech were preferential transfers under 11 U.S.C. § 547, and, therefore, avoidable. Aristech claims that only $22,337.20 of the payments were preferential transfers. The difference stems from the parties' dispute over the proper treatment of Aristech's January 28, 1991 shipment to Golco in the amount of $21,408.40, and the two checks Golco sent to Aristech, which Aristech received on January 26, 1991, prior to the shipment, but which Golco's bank did not honor until the day of the shipment.

Aristech claims that the January 28, 1991 shipment falls within the "new value" exception under Section 547(c)(4), which states in relevant part:

(c) The trustee may not avoid under this section a transfer—

(4) to or for the benefit of a creditor, to the extent that, *after* such transfer, such creditor gave new value to or for the benefit of the debtor—

11 U.S.C. § 547(c)(4) (emphasis added). Aristech argues the Court should apply the date of receipt rule to determine the date of transfer under Section 547(c)(4). This would mean that the transfer of the two checks occurred when Aristech received the checks on January 26, 1991, before Aristech extended new value to Golco in the form of the January 28 shipment to Golco. Therefore, the value of the shipment could be asserted as a set-off of subsequent new value pursuant to Section 547(c)(4).

The Trustee, however, contends that the Court should apply the date of honor rule. That would mean that the transfer of the two checks occurred on the same day as Aristech extended new value to Golco, on January 28. Therefore, the new value could not be asserted as a set-off of subsequent new value because Aristech would not have extended the new value in the

form of the shipment *after* Golco had transferred the two checks, as Section 547(c)(4) requires.

The Bankruptcy Court applied the date of receipt rule, determined that Aristech extended new value in the form of the shipment after Golco had transferred the two checks, and, therefore, found that the new value could be asserted as a set-off of subsequent new value pursuant to Section 547(c). Thus, the Bankruptcy Court found that the value of the preferential transfers was only $22,337.20.

The Trustee also contends that the estate is entitled to prejudgment interest on the amount awarded. Aristech argues that the Trustee is not entitled to prejudgment interest on the amount awarded because a genuine dispute existed as to the value of the preferential transfers. The Bankruptcy Court agreed, and denied the Trustee's request.

## II. STANDARD OF REVIEW

Pursuant to 11 U.S.C. § 158, the District Court sits as an Appellate Tribunal and shall review the facts and findings of the Bankruptcy Court. The District Court reviews findings of fact under the "clearly erroneous" standard. *Nordberg v. Arab Banking Corp. (In re Chase Sanborn Corp.),* 904 F.2d 588, 593 (11th Cir.1990); Fed.R.Bankr.P. 8013. A finding of fact is clearly erroneous "if the record lacks substantial evidence to support it," *Thelma C. Raley, Inc. v. Kleppe,* 867 F.2d 1326, 1328 (11th Cir.1989), so that the Court has the "definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948). The District Court reviews conclusions of law *de novo. Nordberg,* 904 F.2d at 593.

## III. DISCUSSION

### A. *Value of the Preferential Transfers*

■ The issue here is whether the January 28, 1993 shipment falls within the "new value" exception. The answer depends on whether the Court applies the date of receipt rule or the date of honor rule to determine the date the transfer occurred under Section 547(c)(4). While the Eleventh Circuit has not addressed the issue and courts are split on the issue, the Court finds that the majority and better view is that the date of receipt rule determines when a transfer by check occurs under Section 547(c)(4). *See Matter of Kroh Bros. Development Co.,* 930 F.2d 648 (8th Cir.1991); *In re Almarc Mfg., Inc.,* 62 B.R. 684 (Bankr.N.D.Ill.1986); *Matter of Georgia Steel, Inc.,* 38 B.R. 829 (Bankr. M.D.Ga.1984).

The date of receipt rule furthers the purpose of the "new value" exception, which is to encourage creditors to deal with troubled businesses. *See Kroh Bros.,* 930 F.2d at 651–653. Treating the date of the transfer as the date a creditor receives a check, encourages creditors to extend new value to troubled businesses in a timely manner. On the other hand, treating the date of transfer as the date a debtor's bank honors the check, would discourage creditors from extending new value to debtors. "If creditors had to wait for checks to clear before being able to safely ship new goods to debtors in apparent financial difficulty, they would be discouraged from dealing with such debtors." *In re Almarc,* 62 B.R. at 689. Furthermore, "[t]here is no policy reason why a creditor who waits for a check to clear before shipping should get the benefit of the § 547(c)(4) set-off while a creditor who, doing what most business people do, ships on receipt of a check, should be denied the set-off." *Id.* at 688.

The Court also rejects the Trustee's argument that because the Supreme Court applied the date of honor rule to Section 547(b), the same rule should apply to Section 547(c). *See Barnhill v. Johnson,* —— U.S. ——, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). To begin with, the Supreme Court specifically states in *Barnhill* that its holding does not apply to the issue of when a transfer occurs under Section 547(c). *Barnhill,* —— U.S. at —— n. 9, 112 S.Ct. at 1391 n. 9, 118 L.Ed.2d at 48 n. 9. Moreover, the Supreme Court recognized the different purposes behind Section 547(b) and Section 547(c) justify different treat-

ment of the two sections. *See Barnhill,* — U.S. at ——, 112 S.Ct. at 1391, 118 L.Ed.2d at 48.

Section 547(b) is designed to help creditors by allowing the debtor or trustee to avoid transactions that favor certain creditors, and recover the funds for equitable distribution to all the creditors. *See Kroh Bros.,* 930 F.2d at 650. Thus, applying the date of honor rule to Section 547(b) is consistent with the purpose behind Section 547(b) because it allows for the recovery of preferential payments in the possession of a particular creditor.

Applying the date of honor rule to Section 547(c)(4), however, is inconsistent with the purpose behind that section because, as discussed, it would discourage creditors from helping financially troubled debtors. On the other hand, applying the date of receipt rule to Section 547(c)(4) is consistent with the purpose behind that section of encouraging creditors to help financially troubled debtors. Thus, the differing purposes behind the two sections justifies applying different rules to each section to determine the date of a transfer of a check. *See In re Almarc,* 62 B.R. at 689 (a number of courts have applied the date of honor rule to Section 547(b), but applied the date of receipt rule to Section 547(c)(4)).

Therefore, the Court finds that the Bankruptcy Court correctly applied the date of receipt rule, and, thus, correctly decided that the value of the preferential transfers was $22,337.20.

### B. *Prejudgment Interest*

An award of prejudgment interest on a preferential transfer is not mandatory, but is left to the discretion of the bankruptcy court. *In re Bellanca Aircraft Corp.,* 850 F.2d 1275 (8th Cir.1988); *In re Industrial and Mun. Engineering, Inc.,* 127 B.R. 848, 851 (Bankr.C.D.Ill.1990). Moreover, a good faith dispute as to the amount of preferential transfers is a valid basis on which not to award prejudgment interest. *See In re First Software Corp.,* 107 B.R. 417, 426 (D.Mass.1989). Thus, as there was clearly a good faith dispute as to the value of the preferential transfers between Aristech and the Trustee, the Bankruptcy Court did not abuse its discretion in not awarding prejudgment interest on the amount of the preferential transfers.

### IV. CONCLUSION

Accordingly, the Court **AFFIRMS** the January 11, 1993 Order of the Bankruptcy Court.

IT IS SO ORDERED.