In re SONICRAFT, INC., Debtor.

William A. Brandt, Jr., Trustee, Plaintiff,

v.

Sprint Corporation, Defendant.

Bankruptcy Nos. 95 B 22489, 97 A 01651.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Sept. 9, 1999.

---

Mark P. Naughton, Rudnick & Wolfe, Chicago, IL, for Plaintiff.

Nancy L. Shelledy, Sprint Law Department, Kansas City, MO, Scott B. Green, Cahill, Christian & Kunkle Ltd., Chicago, IL, for Defendant.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ERWIN I. KATZ, Bankruptcy Judge.

This adversary case is a core proceeding in the bankruptcy filed by Sonicraft, Inc. ("Sonicraft") under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* which was later converted to a case under Chapter 7 of the Bankruptcy Code. William A. Brandt Jr., Trustee ("Brandt"), has filed a complaint to avoid and recover several prepetition transfers made by Sonicraft to Sprint Communications Company L.P. ("Sprint").

This matter comes before the Court on Plaintiff's Motion for Summary Judgment and Motion to Strike Sprint's Supplemental Statement of Uncontested Material Facts and Affidavit of Anthony L. Cogswell, and Defendant's Motion for Partial Summary Judgment. Both parties submitted statements of uncontested material facts, after which the defendant raised additional facts in its Supplemental Statement of Facts. Because there is a genuine issue of material fact regarding the date Sprint received Sonicraft's checks, Plaintiff's Motion for Summary Judgment and Defendant's Motion for Partial Summary Judgment are both denied. For the reasons set forth in the following discussion, Plaintiff's Motion to Strike is granted.

### JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Venue lies under 28 U.S.C. § 1409.

### BACKGROUND

The following facts were taken from the 402(M) and 402(N) statements and the briefs of the parties:

Sonicraft filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 20, 1995; in 1996, the case was converted to Chapter 7 and Brandt was appointed trustee. Sprint filed a proof of claim for $1,617,726.96, all of which was unsecured debt.

Sprint provided telecommunications services to Sonicraft until October 20, 1995, the date of the original bankruptcy filing. Prior to October 20, 1995, Sonicraft made three payments by check to Sprint; each check was sent to Sprint. Sonicraft issued the first of these three checks, No. 94380, on July 21, 1995, in the amount of $150,000. This check was honored on August 2, 1995. Sonicraft next issued check No. 94589 on September 5, 1995, in the amount of $200,000. This check was honored on September 14, 1995. Finally, Sonicraft issued check No. 94702 on September 27, 1995, in the amount of $240,000, and this check was honored on October 3, 1995. The payments totaled $590,000. Both parties agree on these facts.

As of July 21, 1995, Sonicraft owed Sprint $365,766 for services provided prior to that date. During the period from July 21, 1995 through October 20, 1995, Sprint provided additional telecommunications services to Sonicraft valued at $547,403.

Brandt attached to his Statement of Facts, made pursuant to Local Bankruptcy Rule 402(M), his affidavit stating that Sonicraft listed on its schedule $617,000 in assets, $8,156.68 in secured claims, $99,748.58 in priority claims and $3,732,234.10 in unsecured, nonpriority claims. He also stated that he was holding approximately $200,000 in the estate and that creditors had filed additional priority claims against the estate for amounts in excess of $700,000. He concluded that unsecured creditors would not receive a full distribution.

In Sprint's Response to Brandt's Statement of Facts, filed on February 26, 1999, Sprint did not dispute anything contained in Brandt's Statement of Facts. Sprint attached an affidavit of Greg Taylor, who works as "DoD Sales Branch Manager in Sprint's Government Services Division," in which Taylor stated that Sprint received Sonicraft's checks and that Sprint provided $547,403 in services. He did not comment on when Sprint received the checks from Sonicraft.

On April 19, 1999, Sprint filed a Supplemental Statement of Facts, to which it attached the affidavit of Anthony Cogswell, Senior Attorney for Sprint/United Management Company. In this affidavit, Cogswell stated that the Sonicraft checks were each received by Sprint one day after being issued. This Supplemental Statement of Facts and affidavit are the subject of Brandt's motion to strike.

Brandt alleges that the three prepetition transfers made by Sonicraft to Sprint totaling $590,000 were made within the 90 days prior to the filing of the bankruptcy petition and are therefore avoidable under § 547(b) and can be recovered under § 550. Alternatively, Brandt argues that he can recover at least $241,654.83, the total of the payments made to Sprint less the value of services Sprint provided after the effective date of the first transfer. He argues that the effective date of the first transfer was August 2, 1995, the honor date of the first check. Brandt also seeks prejudgment interest.

Sprint, however, contends that it gave new value for the transfers in the form of telecommunication services it provided to Sonicraft during the preference period, and that pursuant to § 547(c)(4) it is entitled to retain the payments to the extent of $547,403, the value of the services provided. Alternatively, Sprint argues that the maximum Brandt could recover is $105,539, the amount of the preferential payments not offset by new value provided to Sonicraft subsequent to the first transfer. Sprint contends that the first transfer's effective date was July 21 or 22, 1995.

## DISCUSSION

### I. Standards for Summary Judgment

The purpose of summary judgment under Federal Rule of Civil Procedure 56

(adopted by Federal Rule of Bankruptcy Procedure 7056) is to avoid unnecessary trials when there is no genuine issue of material fact. *Farries v. Stanadyne/Chicago Division*, 832 F.2d 374, 378 (7th Cir. 1987), *Wainwright Bank & Trust Co. v. Railroadmens Fed. Sav. & Loan Assoc. of Indianapolis*, 806 F.2d 146, 149 (7th Cir. 1986). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *Matsushita Elect. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986), *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir.1990). The existence of factual disputes is sufficient to deny summary judgment only if the disputed facts are outcome determinative. *UNR Industries, Inc. v. Walker (In re UNR Industries)*, 224 B.R. 664, 665 (Bankr.N.D.Ill.1998), *Jones Truck Lines, Inc. v. Republic Tobacco, Inc.*, 178 B.R. 999, 1003 (Bankr.N.D.Ill.1995). The burden is on the moving party to show that no genuine issue of material fact exists. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552, *Matsushita*, 475 U.S. at 585–87, 106 S.Ct. at 1355–56, *In re Chicago, Missouri & Western Ry. Co.*, 156 B.R. 567 (Bankr. N.D.Ill.1993). This burden is met when the record, as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348.

On summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348, *citing United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). However, the party opposing the motion may not rest upon pleadings, allegations, or denials. The response of that party must set forth specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### A. Cross–Motions for Summary Judgment

■ Although both parties argue for summary judgment, that does not by itself indicate that there are no genuine issues of material fact. This Court must rule on each motion separately in determining whether each judgment may be entered in accordance with applicable principles. *ITT Indust. Credit Co. v. D.S. America, Inc.*, 674 F.Supp. 1330, 1331 (N.D.Ill.1987). *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ.3d § 2720 (West, 1998). Cross-motions for summary judgment do not require the court to decide the case on those motions. The court can deny both motions if both parties fail to meet the burden of establishing that no genuine issue of material fact exists and that they are entitled to a judgment as a matter of law. *ITT Indust. Credit Co.*, 674 F.Supp. at 1331. *See* Wright, Miller & Kane, Fed. Prac. & Proc. § 2720.

### B. Partial Summary Judgment

■ Federal Rule of Civil Procedure 56(d) involves situations in which the motion does not lead to a judgment on the entire case but only terminates further contest on a portion of the litigation. Because Rule 56(d) is part of the rule entitled "Summary Judgment," the order prescribed by this rule has been referred to as "partial summary judgment." *See* Wright, Miller & Kane, Fed. Prac. & Proc. § 2737. However, partial summary judgment is not possible under federal pleading unless it disposes entirely of one or more counts of the complaint or counterclaim. *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216 (7th Cir.1946), *Capitol Records, Inc. v. Progress Record Distributing*, 106

F.R.D. 25, 28 (N.D.Ill.1985). Under Rule 56(d), this Court may specify the facts that appear without substantial controversy. *See* Wright, Miller & Kane, Fed. Prac. & Proc. § 2737.

II. Application of Summary Judgment Standards

A) Section 547(b)

In applying the above standards to the motions here, this Court finds that summary judgment is not appropriate because a genuine issue of material fact exists. At issue here is on what date Sprint received the three pre-petition checks from Sonicraft.

Brandt seeks summary judgment in his favor in the amount of $590,000, or in the alternative, the amount of $241,654.83. He contends that summary judgment is warranted because the uncontested facts indicate that Sonicraft's prepetition payments to Sprint were avoidable preferences under § 547(b). Sprint, however, argues that it is entitled to summary judgment in its favor in the amount of $443,315, and that Brandt may only recover $105,539. Sprint argues that its continued provision of services to Sonicraft qualifies as subsequent new value, and therefore the payments fit the § 547(c)(4) exception to preferences.

Under § 547(b) of the Code, the trustee may avoid any transfer of an interest of the debtor in property (1) made to or for the benefit of a creditor, (2) for or on account of an antecedent debt owed by the debtor before such transfer was made, (3) made while the debtor was insolvent, (4) within the 90–day period preceding the filing of the petition, and (5) that enables such creditor to receive more than it would have received in a chapter 7 liquidation if the transfer had not been made. 11 U.S.C. § 547(b).

It is undisputed that the three checks sent by Sonicraft to Sprint are preferences under § 547(b). Both parties agree that Sonicraft sent the checks to Sprint, its creditor, on account of antecedent debt owed to Sprint for services provided. Sonicraft is presumed to be insolvent during the 90 days before its bankruptcy petition and there is no evidence to the contrary, and the transfers were made within 90 days preceding the petition. Finally, the transfers enabled Sprint to receive more than it would have received in a chapter 7 liquidation. Therefore, Sprint must prove its affirmative defense under § 547(c) to prevent recovery by the trustee.

B) Section 547(c)(4)

■ Sprint argues that it is entitled to a "subsequent new value" defense under § 547(c)(4). That section provides that the trustee may not avoid as preferential a transfer to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor, (A) not secured by an otherwise unavoidable security interest, and (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor. 11 U.S.C. § 547(c)(4). Since Sprint is the creditor against whom recovery or avoidance is sought, it has the burden of proving the nonavoidability of the transfers under § 547(c). 11 U.S.C. § 547(g).

■ For a preferential transfer to be excepted from avoidance under § 547(c)(4), the following three events must have occurred, in order:

(1) The creditor must have received a transfer which is otherwise voidable as a preference under § 547(b);

(2) After receiving the preferential transfer, the preferred creditor must have advanced additional credit to the debtor on an unsecured basis; and

(3) That additional post-preference unsecured credit must be unpaid in whole or in part as of the date of the bankruptcy petition.

■ *Chaitman v. Paisano Auto. Liquids, Inc. (In re Almarc Mfg. Inc.)*, 62 B.R. 684, 686 (Bankr.N.D.Ill.1986), *See also Schwinn Plan Comm. v. AFS Cycle Ltd. (In re Schwinn Bicycle Co.)*, 205 B.R. 557, 568 (Bankr.N.D.Ill.1997). If these elements are satisfied, the creditor may set off the amount of the post-preference unsecured credit still unpaid as of the date of the petition against the amount the creditor must return to the trustee on account of the preferential transfers. *Id.*

■ There is no question here that the payments were preferences and that the credit remains unpaid. Therefore, the only issue in this case is when the transfers from Sonicraft to Sprint occurred, so that we may determine what part of the additional credit, if any, was advanced by Sprint after it received the preferential transfers. For the purposes of § 547(b), the law is clear that a transfer by check occurs when the check is honored.[1] *Barnhill v. Johnson*, 503 U.S. 393, 401, 112 S.Ct. 1386, 1391, 118 L.Ed.2d 39 (1992). However, for purposes of § 547(c), this district has held that a transfer by check occurs when the debtor delivers the check to the creditor. *Schwinn Plan Comm.*, 205 B.R. at 568, *Chaitman*, 62 B.R. at 687–89. Most other districts that have considered the issue agree. *Brown v. Shell Canada Ltd. (In re Tennessee Chem. Co.)*, 112 F.3d 234, 238 (6th Cir.1997), *Kroh Bros. Dev. Co. v. Continental Constr. Eng'rs (In the Matter of Kroh Bros. Dev. Co.)*, 930 F.2d 648, 650 (8th Cir.1991), *Jones v. Aristech Chem. Corp.*, 157 B.R. 720, 722 (N.D.Ga.1993), *Remes v. Acme Carton Corp. (In re Fasano/Harriss Pie Co.)*, 71 B.R. 287, 292 (W.D.Mich.1987), *Leathers v. Prime Leather Finishes Co.*, 40 B.R. 248, 251 (D.Me.1984). *But see Bergquist v. Anderson–Greenwood Aviation Corp. (In re Bellanca Aircraft Corp.)*, 56 B.R. 339, 397 (Bankr.D.Minn.1985) (holding that for § 547(c)(4) purposes a transfer by check is

effective upon presentment by the transferee and acceptance by the drawee); *cf. Hall–Mark Elec. Corp. v. Sims (In re Lee)*, 108 F.3d 239, 241 (9th.Cir.1997) (stating that a transfer by check is not effective until honor if it is not honored within 10 days of execution), *McClendon v. Cal–Wood Door (In re Wadsworth Bldg. Components, Inc.)*, 711 F.2d 122, 123 (9th Cir. 1983).

■ The different treatment under § 547(b) and § 547(c) may be understood when viewed in light of the underlying purposes and functions of the respective sections. § 547(b) was designed to recover funds to the estate for equitable distribution among creditors and to avoid transactions that favor certain creditors. *Chaitman*, 62 B.R. at 687. The purpose of § 547(c), on the other hand, is not to ensure equitable treatment of creditors, but instead is to encourage creditors to deal with troubled businesses on regular business terms, "by obviating any worry that a subsequent bankruptcy filing might require the creditor to disgorge as a preference an earlier received payment." *Barnhill*, 503 U.S. at 402, 112 S.Ct. at 1391. This policy promotes the transaction of business between creditors and struggling businesses because generally parties in a regular business transaction treat checks as cash and extend new credit immediately upon receiving a check, rather than waiting for the check to clear before shipping more goods or providing more services. *Chaitman*, 62 B.R. at 688. In short, the key purpose of § 547(c)(4) is to treat creditors who have replenished the estate after receiving a preference fairly. *Id.* This Court agrees with the foregoing analysis.

The cases stating that a transfer by check is not effective until honor, if the check is not honored within 10 days of execution, are distinguishable on the facts from the present case. In *Hall–Mark Elec. Corp.*, the debtor gave its creditor a

---

1. The Supreme Court stated that its holding does not apply to the timing of a transfer under § 547(c), and the Court recognized that

the different purposes of § 547(b) and (c) warrant different treatment under each section. *Barnhill* at 401–02, 112 S.Ct. 1386.

check which was subsequently dishonored. *Hall–Mark Elec. Corp.*, 108 F.3d at 240. After the dishonor, the debtor delivered a cashier's check to the creditor. *Id.* Similarly, in *McClendon*, the debtor gave a check to the creditor which was dishonored. *McClendon*, 711 F.2d at 123. Two months later, the creditor redeposited the check which was then honored. *Id.* In each of these cases, the courts held that a transfer by check is effective on the date of delivery if it is honored within 10 days of execution, but if it is not honored within 10 days of execution, the transfer is not effective until the check is honored. *Hall– Mark Elec. Corp.*, 108 F.3d at 241, *McClendon*, 711 F.2d at 123. Those courts based their conclusions by reference to § 547(e)(2)(A) and (B), which provide that a transfer is made at the time it takes effect between the parties if the transfer is perfected within 10 days of that time, and applied this rule to a transfer by check under § 547(c)(4). *Hall–Mark Elec. Corp.*, 108 F.3d at 241, *McClendon*, 711 F.2d at 123.

This Court need not reach those issues in this case. In *Hall–Mark Elec. Corp.* and *McClendon*, the courts stated that if the checks are *not honored* within 10 days from execution, the transfer occurs when the check is honored. *Hall–Mark Elec. Corp.*, 108 F.3d at 241, *McClendon*, 711 F.2d at 123 (emphasis added) (equating failure to perfect with failure to transfer). In both cases, the checks at issue were dishonored before they were honored. Here, the first check, which was issued on July 21, 1995, was not honored within 10 days of execution; it was honored on August 2, 1995. However, this case differs from *Hall–Mark Elec. Corp.* and *McClendon* in that here, none of the checks were dishonored. Therefore, the "10 day" rule should not apply. Consequently, the transfers were effective upon Sprint's receipt of the checks.

Brandt argues here that the preferential transfers took place on August 2, Septem-

ber 14 and October 3, respectively, the dates that each of the three checks were paid to Sprint's account. He asserts that since Sprint has not provided evidence of when it received the checks, the Court should use the honor date as the effective date of the transfers. This would allow him to recover more than he would recover if the transfers were found to be effective when the checks were received. Sprint, on the other hand, originally states that its "records do not reflect the dates on which the referenced checks were received by Sprint." Sprint's Answers and Objections to Trustee's First Set of Interrogs. at ¶ 2. Next, Sprint states that it received the first check on July 21, 1995. Sprint's Resp. to Trustee's Statement of Uncontested Material Facts and Additional Uncontested Material Facts in Support of its Mot. for Partial Summ. J. at ¶ 2. Finally, Sprint claims that, although it has no records of the actual date it received each check, it received each check one day after the issue date. Sprint's Surreply in Support of Cross Mot. for Partial Summ. J. at p. 4. This, according to Sprint, means that the transfers were effective on July 22, September 16 and September 28 respectively.

■ As the above indicates, there is no clear evidence of when Sprint received the checks; Sprint itself is unclear on the issue. This does not, however, as Brandt argues, mean that the Court will hold that the transfers occurred when the checks were honored. The correct rule of law states that the transfers took place on the dates Sprint received the checks, dates which are still at issue; a rational trier of fact could find for either party on this point. Since the amount, if any, Brandt will be entitled to recover depends upon when the transfers took place, the effective date of each transfer is a material fact. Because a genuine issue exists as to when Sprint received the checks, summary judgment for either party is inappropriate.[2]

---

2. This Court will withhold decision on the

issue of what approach to use when calculat-

## C) Rule 56(d)

The only facts in controversy in this case are the dates on which Sprint received each of the three checks from Sonicraft. Therefore, all other facts presented above, since they appear without substantial controversy, are considered established and there is no need for the parties to present evidence on them at trial.

## D) Interest

Brandt requests prejudgment interest from the date of the filing of his complaint through the entry of summary judgment. As discussed above, the amount of the transfer here cannot be ascertained without a judicial determination, and summary judgment is not being granted in Brandt's favor. Therefore, his request for prejudgment interest is premature.

III. Brandt's Motion to Strike Sprint's Supplemental Statement of Uncontested Material Facts and Affidavit of Anthony L. Cogswell

 Brandt has moved to strike Sprint's Supplemental Statement of Facts and Affidavit of Anthony L. Cogswell, arguing first that they are improper because Sprint uses them to disclose the receipt dates of the checks, information that Brandt sought in an earlier interrogatory and that Sprint was unable to provide. Brandt also argues that Federal Rule of Bankruptcy Procedure 7026(e) renders the documents improper because that rule requires supplementation and amendment of discovery answers when a party learns new facts that would have been responsive to the requests at the time it completed them. Additionally, Brandt argues that Local Rule 402(M) permits the filing of a surreply when new facts are raised in a 402(N) response, but that the Local Rules do not justify the assertion of new facts in the final submission to the Court. Finally, Brandt argues that Federal Rule of Bank-

ing the amount that qualifies for protection under § 547(c)(4) until after the evidence has

ruptcy Procedure 7056(e) requires that the facts in an affidavit under Rule 7056 must be limited to those admissible into evidence, and that the Cogswell affidavit relies to a certain extent on inadmissible hearsay.

Each of Brandt's four arguments is valid. Because of the validity of Brandt's arguments and because Sprint has not filed a response, Brandt's motion to strike Sprint's Supplemental Statement of Uncontested Material Facts and Affidavit of Anthony L. Cogswell is granted. Additionally, this Court notes that even if the motion were not granted and the statement and affidavit were allowed, there would still be a genuine issue of material fact regarding when Sprint received the checks, since the statement and affidavit present facts different from those set forth in Sprint's earlier pleadings.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Sprint's Supplemental Statement of Uncontested Material Facts and Affidavit of Anthony L. Cogswell is granted. Plaintiff's Motion for Summary Judgment and Defendant's Motion for Partial Summary Judgment are both denied.

## ORDER

**IT IS HEREBY ORDERED** that for the reasons stated in the accompanying memorandum opinion, the Plaintiff's Motion for Summary Judgment is denied.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Partial Summary Judgment is denied.

**IT IS FURTHER ORDERED** that the following facts are deemed established pursuant to Federal Rule of Civil Procedure 56(d):

been presented at trial.

**418**

1. Sprint provided telecommunications services to Sonicraft until October 20, 1995, the date of Sonicraft's original bankruptcy filing.

2. As of July 21, 1995, Sonicraft owed Sprint $365,766 for services provided prior to that date. Between July 21, 1995 and October 20, 1995, Sprint provided additional services to Sonicraft valued at $547,403.

3. Prior to October 20, 1995, Sonicraft made three payments by check to Sprint. The first check, No. 94380, was issued on July 21, 1995, in the amount of $150,000, and was honored on August 2, 1995. Check No. 94589 was issued on September 5, 1995, in the amount of $200,000 and was honored on September 14, 1995. Finally, check No. 94702, in the amount of $240,-000, was issued on September 27, 1995 and was honored on October 3, 1995. The payments totaled $590,000.

4. Sonicraft's schedules listed $617,000 in assets, $8,156.68 in secured claims, $99,-748.58 in priority claims and $3,732,234.10 in unsecured, nonpriority claims.

**IT IS FURTHER ORDERED** that the dates on which Sprint received Sonicraft's checks have not been established and must be proven at trial.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Strike Sprint's Supplemental Statement of Uncontested Material Facts and Affidavit of Anthony L. Cogswell is granted.