**In re Douglas E. TYLER, II, Debtor.**

**Thomas C. Richardson, Trustee, Plaintiff,**

v.

**The R.B.K. Corporation, Defendant.**

**Bankruptcy No. GK 05–06814. Adversary No. 06–80541.**

United States Bankruptcy Court, W.D. Michigan.

Dec. 5, 2007.

Matthew L. Lager, Esq., Kalamazoo, MI, for Plaintiff–Trustee, Thomas C. Richardson.

Nicole R. Graf, Esq., East Lansing, MI, for Defendant, The R.B.K. Corporation.

## OPINION REGARDING AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER

JAMES D. GREGG, Bankruptcy Judge.

### I. JURISDICTION

This court has jurisdiction over this bankruptcy case. 28 U.S.C. § 1334. The case, and all related proceedings, have

been referred to this bankruptcy court for decision. 28 U.S.C. § 157(a) and LR. 83.2(a) (W.D.Mich.). This adversary proceeding is a core proceeding because it involves the determination, avoidance, or recovery of a preferential transfer. 28 U.S.C. § 157(b)(2)(F). This opinion constitutes the court's findings of fact and conclusions of law. FED. R. BANKR.P. 7052.

## II. *ISSUES*

May the Trustee avoid and recover restitution payments made by the Debtor and "passed through" the state court to R.BX. to partially satisfy a judgment owed by the Debtor to R.B.K.? Stated differently, does R.B.K. have a valid defense to the Trustee's avoidance action because payments were indirectly paid pursuant to a restitution order rather than directly paid pursuant to a civil judgment?

## III. *FACTS*

Douglas E. Tyler, II, "Debtor," filed his petition under chapter 7 of the Bankruptcy Code on May 11, 2005. Thomas C. Richardson, "Trustee," was appointed, is qualified, and is now acting as the panel trustee to administer this chapter 7 bankruptcy estate. On June 28, 2006, the Trustee, as Plaintiff, instituted this adversary proceeding against The R.B.K. Corporation, "R.B.K.," as Defendant. The Trustee alleges that R.B.K. received a preferential transfer, which is avoidable and recoverable.

In accordance with an order rendered on October 17, 2003, by the State of Michigan, Kalamazoo County Circuit Court, the Debtor was required to pay the sum of $44,196.37 as restitution to the state court.

This payment resulted from the Debtor's violation of the so-called Michigan Builders' Trust Fund Act. MICH. COMP. LAWS. ANN. § 570.152. After the Debtor paid the money to the state court, that court transmitted the funds to R.B.K.

On November 12, 2002, R.B.K. obtained a $40,777.12 civil judgment against the Debtor in the State of Michigan, Ingham County Circuit Court. On July 26, 2005, this bankruptcy court entered an order which determined that the amount owed by the Debtor to R.B.K. was nondischargeable under § 523(a) of the Bankruptcy Code.[1]

During the ninety-day period immediately before the filing of the Debtor's bankruptcy case, he paid the sum of $3,480.00 to the state court, which then paid that amount to R.B.K. The $3,480.00 transferred by the state court to R.B.K. through the restitution order correspondingly reduced the amount owed by the Debtor to R.B.K. under the civil judgment. The parties have stipulated that the Debtor was the source of the restitution payment ultimately received by R.B.K., and that the payment is not traceable to any trust fund. In the bankruptcy case, claims filed and deemed allowed total more than $282,000.00. Exh. 1 and Exh. 2. There will not be a 100% distribution to creditors who hold allowed claims in this case. As a result of the $3,480.00 restitution payment during the preference period, R.B.K. received more than it would have if the transfer had not been made and R.B.K. received pro rata payment of its claim under the chapter 7 distribution provisions of the Bankruptcy Code.

---

1. The Debtor filed his bankruptcy petition prior to October 17, 2005. Therefore, this bankruptcy case is governed by the Bankruptcy Code without regard to the amendments made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Unless stated to the contrary, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (2004), e.g., "§ _____."

## IV. *DISCUSSION*

■ There is no question whether the Trustee has proven all elements to establish an avoidable preferential transfer under § 547(b). When the Debtor paid $3,480.00 to the state court this constituted a "transfer of an interest of the debtor in property." 11 U.S.C. § 547(b). Although the payment was made to the state court, it was ultimately received by R.B.K., who is also a creditor of the Debtor in accordance with its civil judgment. The transfer was therefore "for the benefit of a creditor." 11 U.S.C. § 547(b)(1).

The transfer was "on account of an antecedent debt owed by the debtor." 11 U.S.C. § 547(b)(2). The Supreme Court has expressly determined that a restitution obligation constitutes a "debt" within the meaning of the Bankruptcy Code. *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 564, 110 S.Ct. 2126, 2134, 109 L.Ed.2d 588 (1990). "Restitution obligations constitute debts within the meaning of § 101(11) of the Bankruptcy Code and are therefore dischargeable under Chapter 13." *Davenport*, 495 U.S. at 564, 110 S.Ct. at 2134.[2]

The transfer was "made while the debtor was insolvent." 11 U.S.C. § 547(b)(3). The Debtor is "presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f). R.B.K. has not rebutted the presumption of insolvency.

The transfer was made within ninety days of the filing of the bankruptcy petition. 11 U.S.C. § 547(b)(4).

The transfer enabled R.B.K. to receive more than it would have received if the case were a chapter 7 case and the transfer had not been made. 11 U.S.C. § 547(b)(5). By virtue of the restitution payment, R.B.K. received $3,480.00. Given the existence of allowed claims which total more than $282,000.00 and the fact that creditors will receive less than one hundred percent payment on their respective claims, this is more than R.B.K.'s pro rata share of the chapter 7 distribution available to the Debtor's unsecured creditors. Accordingly, this final element has been met.

■ None of the statutory affirmative defenses to avoidance of the preferential transfer are applicable, 11 U.S.C. § 547(c)(1)-(8). Notwithstanding the lack of any statutory defense, R.B.K. asserts that the Trustee cannot avoid and recover the Debtor's payment to it. To support its argument, R.B.K. relies upon *Becker v. County of Santa Clara (In re Nelson)*, 91 B.R. 904 (N.D.Cal.1988). *Nelson* was decided before *Davenport*. *Nelson* concluded that "regardless of whether restitution should be analyzed as a debt, criminal restitution is excepted from avoidance under section 547." *Id.* at 907.

■ This court respectfully disagrees with the *Nelson* decision. That decision was based on one judge's policy determination. The better reasoning supports a determination that restitution payments may be avoided and recovered as preferential transfers. *Miller v. Cumis Insurance Society (In re Lacefield)*, 167 B.R. 89 (Bankr. E.D.Ky.1994). *Lacefield* recognizes that a bankruptcy court should not rewrite the Bankruptcy Code for policy reasons. Where "congressional intent is clear, our sole function is to enforce the statute according to its terms." *Id.* at 90 (citing

---

**2.** Section 101(11) defines the term "debt." After *Davenport* was decided, the subsection was renumbered as § 101(12).

*Davenport,* 495 U.S. at 564, 110 S.Ct. at 2133–34).

 R.B.K. implicitly argues that its debt should be excepted from avoidance as a preferential transfer because it is non-dischargeable. Although Congress has explicitly excepted some types of nondischargeable debts, i.e., domestic support obligations, from avoidance as preferential transfers, restitution payments are not specifically excluded under § 547. *See* 11 U.S.C. § 547(c)(7) (The trustee may not avoid under this section a transfer ... to the extent such transfer was a bona fide payment of a debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement [or] divorce decree...."). Under well-established principles of statutory construction, the specific exclusion of domestic support obligations from avoidance under § 547 implies that Congress intended that payment of other types of nondischargeable debts may be avoided as preferential. *See TRW, Inc. v. Andrews,* 534 U.S. 19, 28, 122 S.Ct. 441, 448, 151 L.Ed.2d 339 (2001) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied ....") (quoting *Andrus v. Glover Constr. Co.,* 446 U.S. 608, 616–17, 100 S.Ct. 1905, 64 L.Ed.2d 548 (1980)); *see generally* Thomas F. Waldron & Neil M. Berman, *Principled Principles of Statutory Interpretation: A Judicial Perspective After Two Years of BAPCPA,* 81 Am. Bankr.L J. 195, 212–13 n. 82 (2007) (discussing the maxim "expressio unius est exclusion alterius," which means "that the expression of one thing is the exclusion of another."). Avoiding the preferential transfer to R.B.K. shall not effect its rights as a creditor. It still possesses a nondischargeable debt against the Debtor. R.B.K. may share and receive any pro rata distribution that might be available for the benefit of the unsecured creditors who hold allowed claims.[3]

 This court is not authorized, nor should it be, to create equitable defenses to recovery of avoidable transfers. Any defenses are limited to the statutory language. *Cf. Collins v. Greater Atlantic Mortgage Corp. (In re Lazarus),* 478 F.3d 12 (1st Cir.2007) (noting that statutory language should not be ignored in favor of policy arguments).

### V. CONCLUSION

The Trustee may avoid and recover the $3,480.00 restitution payment made by the Debtor to R.B.K. R.B.K. does not have a valid defense to the Trustee's avoidance and recovery action based upon the fact that the debt paid was in the nature of a nondischargeable restitution debt.

A judgment shall be entered accordingly,

---

**3.** Provided R.B.K. repays the avoided payment to the trustee. 11 U.S.C. § 502(d).